IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL AUSTIN, | : | 4:09-cv-1318 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Malachy E. Mannion |
| DORINA VARNER, and REBECCA M. REIFER, | : | |
| Defendants. | : | |

## **MEMORANDUM**

## **September 15, 2010**

### **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 28), filed on August 19, 2010, which recommends that we dismiss the Plaintiff's Amended Complaint (Doc. 27) with prejudice. Plaintiff Michael Austin ("Plaintiff" or "Austin") filed objections to the R&R on September 7, 2010. (Doc. 29). Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R, dismiss Plaintiff's Amended Complaint with prejudice and close this case.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff, a state prisoner, instituted this civil rights action pursuant to 42 U.S.C. § 1983 on July 10, 2009 by filing a complaint against Defendants Dorina Varner, the Chief Grievance Coordinator at the State Correctional Institution at Camp Hill, Pennsylvania; and Rebecca M. Reifer, the Correction Superintendent Assistant at SCI-Cresson ("Defendants"), in their official capacities. (Doc. 1). That same day, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 2). Magistrate Judge Mannion, after preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, recommended that the case be dismissed with prejudice on the basis that it failed to state a claim upon which relief may be granted. (Doc. 8). On August 3, 2009, Plaintiff filed a Motion to Amend the Complaint. (Doc. 11).

On September 29, 2009, we rejected the R&R and granted Plaintiff's Motion to Amend the Complaint, allowing Austin leave to file an Amended Complaint within ten (10) days of entry of the Order.[1] (Doc. 13). Plaintiff, on October 16, 2009, filed his first motion for an extension of time (Doc. 14), which Magistrate Judge Mannion granted, giving Plaintiff until November 20, 2009 to file an Amended Complaint that addressed the deficiencies in the Complaint.

---

[1] The Amended Complaint was due on or before October 9, 2009.

2

(Doc. 15). The Order specifically provided that "failure to file the amended complaint in the allotted time will result in a recommendation that this action be dismissed." *Id.*

Instead of complying with the Magistrate Judge's Order, Plaintiff filed another request for an extension of time. (Doc. 16). Magistrate Judge Mannion, in consideration of Plaintiff's *pro se* status, granted the motion "one final time," allowing Austin until December 18, 2009 to file his Amended Complaint. (Doc. 17). The Magistrate Judge specifically stated in his Order that "[n]o further enlargements concerning the amended complaint will be entertained since the plaintiff has now missed deadlines set by the district judge as well as the [Magistrate Judge]. Failure to file the amended complaint in the allotted time will result in a recommendation that this action be dismissed." *Id.* Plaintiff, however, failed to file an Amended Complaint with the Court prior to the December 18, 2009 deadline.

Instead, Plaintiff filed an "Affidavit" on December 11, 2009 (Doc. 18), alleging that he had mailed the Amended Complaint to the undersigned in Harrisburg, Pennsylvania on November 24, 2009. Thereafter, Plaintiff proceeded to repeatedly file "Affidavits" on the Court, arguing that he had properly mailed his Amended Complaint on November 24, 2009, which was within the deadline

established by the Magistrate Judge. (Doc. 21-24).[2] Plaintiff filed his last "Affidavit" on December 24, 2009. (Doc. 24).

Against his concerns regarding Plaintiff's inconsistent statements and conduct and his continued failure to comply with any of the previous Court orders or deadlines, Magistrate Judge Mannion granted Austin ten (10) days, or until February 2, 2010, to file a copy of the Amended Complaint allegedly sent on November 24, 2009, but never received by the Court. (Doc. 25). Despite this opportunity, neither a copy of the Amended Complaint nor a request for any extension of time in which to do so was timely mailed, received or filed with the Court before the expiration of the deadline.

Instead, without seeking leave of the Court, Plaintiff filed his Amended Complaint on July 19, 2010 (Doc. 27), more than nine (9) months after our initial Order and nearly six (6) months after the expiration of the last deadline extension the Magistrate Judge had granted. Moreover, the Amended Complaint transformed the Complaint, in which Austin had alleged due process violations by two individuals based on their failure to respond to his grievances, to include now

---

[2] Upon review of the R & R, we agree with Magistrate Judge Mannion's concerns regarding Plaintiff's allegation. In our opinion, it is highly unlikely that the Court would not have received Austin's Amended Complaint had it actually been mailed by Plaintiff on November 24, 2009. Further speculation arises from Plaintiff's conduct in continuing to mail "Affidavits" concerning service rather than simply refiling the document upon his discovery that the Court had not yet received it.

more than sixty (60) named defendants; additional "John or Jane Doe" defendants; and ninety-seven (97) rambling paragraphs on forty-three (43) single-spaced, handwritten pages, which include dates, activities and allegations that have no relationship to the original Complaint.

## II. STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## III. DISCUSSION

### A. Summary of the R&R

Magistrate Judge Mannion recommends that the case be dismissed with prejudice based on Plaintiff's repeated failures to comply with this Court's orders.

The Magistrate Judge concludes that Plaintiff's repeated failures constitute a failure to prosecute the action; thus, making it subject to dismissal pursuant to Fed. R. Civ. P. 41(b).[3] The Third Circuit has held that Rule 41(b) does not prohibit the *sua sponte* dismissal of actions against a defendant. *Kenney v. Cal. Tanker Co.*, 381 F.2d 775 (3d Cir. 1967). The Court's authority to grant a dismissal of an action for lack of prosecution is an "inherent power," necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. *Id.* at 777. Therefore, it is within the discretion of the Court to grant a dismissal of a complaint with prejudice where, as here, a party has failed to prosecute or comply with a court order. Although given numerous opportunities to file his Amended Complaint, Austin neglected to timely file the document, and instead, waited until long after the expiration of the Magistrate Judge's deadline to do so. Therefore, Magistrate Judge Mannion recommends that Plaintiff's Amended Complaint be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on his failure to prosecute and failure to comply with Court orders.

B. **Objections to the R&R**

---

[3] Rule 41(b) provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

As noted above, Plaintiff has filed objections to the R&R, none of which are meritorious.[4] In the main, Plaintiff argues that he had timely filed his Amended Complaint and that Defendants and other individuals were responsible for "sabotaging" his attempts to file the document. However, Plaintiff provides no evidence in support of his allegation. Moreover, Plaintiff fails to explain his reasons for filing "Affidavits" instead of refiling the Amended Complaint when he was given the opportunity to do so. Therefore, in our opinion, Plaintiff has failed to offer any substantive reason for us to disturb the Magistrate Judge's sound recommendation.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, the R&R shall be adopted in its entirety. An appropriate Order shall issue.

---

[4] Plaintiff's objections consisted of two single-spaced, handwritten pages along with attachments, including LR 72.3 and a handwritten proof of service.